FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUL 19 AM 9:40

LORETTA G. WHYTE
CIVILCLERMON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

PAUL R. MONTECINO, JR. # 394305

VERSUS                                              NO: 06-5685

BURL CAIN, WARDEN LSP, ET AL.                        SECTION:"B"(1)

### ORDER AND REASONS

Before this Court is petitioner, Paul R. Montecino, Jr., represented by Joseph P. Raspanti and Dwight Doskey, seeking habeas corpus relief under Title 28 United States Code 2254 from a state court conviction for attempted first degree murder. After reviewing the record, court filings, along with state and federal law, **IT IS ORDERED** that the petition for habeas corpus relief is **DENIED.**[1]

### BACKGROUND

Petitioner was charged by a grand jury indictment with second degree murder in the shooting death of Albert Hildebrand. While incarcerated in the St. Tammany Parish Jail, petitioner had discussions with another inmate named Rex Gott.  According to Gott, and undisputed by petitioner, petitioner told Gott that he killed Hildebrand and that he wanted Gott to kill Maria Wekawitz,

---

[1]We are grateful for the work on this case by Eric M. Carter, a Loyola Law School extern with our chambers.

___ Fee_____
___ Process_____
_X_ Dkd _____
___ CtRmDep_____
___ Doc. No_____

the witness to the shooting. Petitioner gave Gott a map that included where Wekawitz could be found and offered Gott $10,000.00 to kill her.

After that discussion, Gott informed Captain Greg Longino the assistant warden of the jail. Captain Longino contacted Sergeant Brian Ocall with the St. Tammany Parish Sheriff's Office. They met with Gott and outfitted him with a recording device. The first recording began with Gott informing petitioner that he was going home and needed some money up front. Petitioner told Gott that he would give him enough money to get a room, an outfit, and some cocaine.

Petitioner gave Gott a note containing the name, address, and contact number of Robert Barron whom he was to contact upon his release. Petitioner also wrote on the note "$300.00" and "1 Dress outfit" and signed his name. After this exchange, Gott returned to the warden's office and Ocall recovered the recording device. According to Gott, Petitioner planned to contact Barron from the jail and arrange for him to provide Gott with the money and clothing.

A few days after Gott's release, Sergeant Ocall arranged for Gott to follow Petitioner's instructions and call Barron. Gott, equipped with a recording and listening device, along with an undercover police officer met with Barron. Barron confirmed that petitioner had contacted him and Barron gave Gott $100.00.

2

Through the above events, petitioner was charged and ultimately convicted of attempted first degree murder in a bench trial by Judge Martin Coady, in the 22nd Judicial District Court. He was sentenced to thirty five years at hard labor without the benefit of probation, parole, or suspension of sentence. He appealed the conviction and sentence claiming the conviction was based on insufficient evidence. The First Circuit Court of Appeal rejected his appeal and affirmed the district court's judgment. State v. Montecino, 906 So.2d 450 (La. App. 1st Cir. 2005).

Petitioner's writ application to the Louisiana Supreme Court was denied. He then filed a state application for post-conviction relief in the 22nd Judicial District Court, which was also denied. He now seeks habeas corpus relief from this Court.

At first glance, petitioner's request seemed to mirror his previous state court claims of insufficient evidence. However, after further review he is seeking relief based on a constitutional due process violation. In particular, the petitioner states that he was denied the due process right of fair warning that his actions could constitute attempted first degree murder under current Louisiana law.

The question before this court is whether the state courts, in characterizing the petitioner's action as an attempt, expanded the definition of the attempt statute in violation of the due

process right of fair warning.  The general rule for determining this question is found in <u>Bouie v. City of Columbia</u>. 378 U.S. 347 (1964).  The Supreme Court stated that due process "prohibits retroactive application of any judicial construction of a criminal statute that is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue." Id. at 354.  Therefore, in order for a judicial interpretation of a criminal statute to violate due process it must be "unexpected" and "indefensible." <u>Rogers v. Tennessee</u>, 532 U.S. 451, 461 (2001).

Henceforth, the narrower question before the court is whether it would be unexpected and indefensible for the Louisiana courts to construe the attempt statute to encompass the acts of the petitioner.  If it is unexpected and indefensible due process has been violated.  If, in light of petitioner's action, it is neither unexpected nor indefensible, then there is no due process violation.

The Louisiana attempt statute states that "any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended … and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose." La. R.S. 14:27.

Thus, the law requires that two elements be present for someone to be guilty of attempt: 1) there must be specific intent to commit the crime, and 2) there must be some act or omission of an act in order to accomplish the crime. Accordingly, to be guilty of attempted first degree murder, the facts must show that a person 1) had the specific intent to kill and 2) acted or omitted an act in order to accomplish the killing.

Petitioner does not contest that he committed the actions proven at trial. He was incarcerated in St. Tammany Parish Jail and while there he solicited Rex Gott to murder Wekawitz. He entered into a contract to kill Wekawitz for $10,000.00. He gave Gott a map that showed where Wekawitz could be found in order to carry out the murder. He provided Gott with the down payment he requested in order to carry out the murder. Petitioner's actions fit snugly within the attempted murder statute. Petitioner's actions would have constituted murder, if Gott would have carried out his wishes to kill Wekawitz.

Under those facts, it was neither unexpected nor indefensible for the Louisiana courts to characterize the acts of the petitioner congruent with the attempt statute. Petitioner had the specific intent to kill Wekawitz. He was limited in his ability to carry out the murder himself because he was incarcerated. However, he did all that he could to influence the murder of Wekawitz. He performed several acts for "the purpose

of and tending directly toward the accomplishing" of Wekawitz's murder.

In accordance with 28 U.S.C. 2254 (d)(1) this writ should not be granted because the adjudication of the claim in State court did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...." There is no violation of due process. Also, in accordance with 28 U.S.C. 2254 (d)(2) this writ should not be granted because the adjudication of the claim in State court did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The facts clearly show that it is reasonable for Petitioner to be charged and convicted under the Louisiana attempt statute.

Additionally under Louisiana law, the distinction between actions which are mere preparation and actions which constitute an overt act sufficient to satisfy the attempt statute is one of degree and is dependent on the particular facts of each case. State v. Williams, 490 So.2d 255 (La. 1986). Due deference is accorded the state courts in the interpretation of it's state laws. In view of the facts, a determination that the petitioner's actions satisfy the attempt statute does not equate to a due process violation.

For the above stated reasons, the Court finds that there is no constitutional due process violation.   Consequently, the petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief is hereby **DENIED**.

New Orleans, Louisiana, this *16th* day of July, 2007.


IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE